NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DENNIS CRUZ,                                    :
                                                :
            Plaintiff,                          :
                                                :          **Hon. Dennis M. Cavanaugh**
            v.                                  :
                                                :          **OPINION**
COUNTY OF BERGEN, THE BERGEN                    :
COUNTY POLICE DEPARTMENT,                       :          Civ. No. 10-3322 (DMC) (JAD)
CHIEF JOHN SCHMIDIG and JOHN                    :
DOES 1-4,                                       :
                                                :
            Defendants.                         :
                                                :

DENNIS M. CAVANAUGH, U.S.D.J.:

       This matter comes before the Court upon the motion of Defendants County of Bergen, the

Bergen County Police Department (the "Police Department") and Chief John Schmidig ("Chief

Schmidig") for partial dismissal of claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  No oral argument was heard pursuant to Rule 78.  For the reasons stated below,

Defendants' motions are **granted in part and denied in part**.

## I.  BACKGROUND

       Plaintiff Dennis Cruz is a Bergen County Police Officer of Cuban descent.  Pl.'s Br. 1.

During his term of employment with the Police Department, Plaintiff alleges that he was

continuously subjected to race-based discrimination and harassment – including racial slurs and

derogatory comments – at the hands of his superior officers, Sergeants Steven Malone

("Malone") and Richard Cleri ("Cleri").  Compl. ¶¶ 15-19.  Malone and Cleri purportedly

"micro-managed Plaintiff and consistently gave him undesirable assignments." Compl. ¶ 20.

The harassment and retaliatory conduct reached such an extent that in 2009, Plaintiff suffered from an anxiety attack.  Compl. ¶ 29.  Subsequently, Plaintiff was informed that he was the subject of two internal investigations, one involving his mental health, and another based on "false allegations against him."  Compl. ¶ 30.

On or about April 24, 2009, Plaintiff was ordered to undergo a mental evaluation in order to determine his fitness for duty.  Compl. ¶ 31.  Pending the results of the psychological exam, Plaintiff was instructed by Chief Schmidig to report to headquarters for a special assignment in his full Class "A" uniform excluding his gun belt.  Compl. ¶ 36.  Allegedly, the donning of a uniform without a gun belt "attracts unnecessary attention to an officer, which was the purpose of Chief Schmidig's order."  Id.  Plaintiff claims that previously, two Caucasian officers had been on special assignment at headquarters and were permitted to appear in civilian attire.  Id.

Plaintiff was made to undergo a second psychological exam on August 12, 2009, without first being told if he had passed the first exam.  Compl. ¶ 41.  He was eventually cleared for duty in September 2009 and given back his firearm and ammunition.  Compl. ¶ 43.  Plaintiff has never been advised as to whether the second internal affairs matter has been closed, or as to the results of that investigation.  Compl. ¶ 44.

Plaintiff attempted to complain of the harassment and discriminatory treatment to superior officers on numerous occasions to no avail.  Compl. ¶ 21.  He also tried, on numerous occasions, to meet with Chief Schmidig regarding the hostile work environment.  Plaintiff, however, never did meet with Chief Schmidig.  Id.

The present action was instituted on June 29, 2010 seeking declaratory and injunctive

relief, and money and punitive damages to redress deprivation of civil rights afforded under 42 U.S.C. §§ 1981 and 1983, the New Jersey Civil Rights Act ("NJCRA"), and the New Jersey Law Against Discrimination ("LAD").

## II. <u>STANDARD OF REVIEW</u>

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the  [Plaintiff]."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  To survive a motion to dismiss, the complaint must state a plausible claim.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. 550 U.S. at 555.

## III. <u>DISCUSSION</u>

A. <u>Claims Against Chief John Schmidig</u>

1. Counts III and IV: Section 1983

Chief John Schmidig asserts that the individual claims against him are "barred by the U.S. Supreme Court's recent decision in <u>Ashcroft v. Iqbal</u>, which explicitly held that there is no individual supervisory liability under Section 1983."  Defs.' Br. 7.

It is well-established that "Government officials may not be held liable for the

unconstitutional conduct of their subordinates under a theory of <u>respondeat superior</u>."  Iqbal, 129 S. Ct. at 1948.  Thus, "a plaintiff must plead that each Government-official, through the official's own individual actions, has violated the Constitution."  <u>Id.</u>  In his Complaint, Plaintiff asserts that "[d]espite Plaintiff's complaints and the fact that superior officers, including Captain Malakas and Chief Schmidig, were aware of Plaintiff's allegations, Defendants never conducted any investigation or took any remedial action to stop the discrimina[tion] and otherwise end the hostile work environment that existed in the [Police Department]."  Compl. ¶ 26.  Plaintiff does not allege that he ever actually spoke with Chief Schmidig about the harassment, instead, the Complaint states that Plaintiff <u>attempted</u> to complain to the Chief.  Compl. ¶¶ 21, 27 (emphasis added).  These allegations are insufficient to state a claim under § 1983 as the Supreme Court has specifically rejected the theory that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution."  Iqbal, 129 S. Ct. at 1949.

Of the allegations specifically directed towards Chief Schmidig, only one — that related to the order for Plaintiff to wear a Class A uniform without a gun belt  —  is the type of direct act that, if proven to have a discriminatory purpose, could subject Chief Schmidig to liability.  <u>See id.</u> at 1949 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").  In light of this allegation, the Court finds that it must deny Chief Schmidig's motion to be dismissed from Counts III and IV.

2. Counts I and II: LAD

A supervisor can only be individually liable under the LAD if he aids, abets, incites, compels, or coerces the doing of any of the acts forbidden under the act.  N.J.S.A. 10:5-12e.  The

-4-

New Jersey Supreme Court has held that the words "aiding and abetting 'require active and purposeful conduct.'" Cicchetti v. Morris Cnty. Sherrif's Office, 194 N.J. 563, 594 (2008) (quoting Tarr v. Ciasulli, 181 N.J. 70, 83 (2004)). That court has further instructed that:

> [I]n order to hold an employee liable as an aider or abettor, a plaintiff must show that (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendants must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation.

Tarr, 181 N.J. at 84 (quoting Hurley v. Atlantic City Police Dep't, 173 F.3d 95, 127 (3d Cir. 1999).

Here, the Complaint alleges that Plaintiff tried to meet with Chief Schmidig but never did. There are no allegations that Chief Schmidig was ever present when any discriminatory conduct occurred or that Chief Schmidig was in any way aware that Plaintiff was being discriminated against. There are also no allegations of acts specifically or genereally imputed to Chief Schmidig that involved a knowing and substantial assistance to the acts of Plaintiff's immediate superior officers. Though the Complaint does allege that Chief Shmidig made Plaintiff don his uniform without a gun belt, there is no allegation that this order was made for the purpose of assisting the principal discriminatory conduct. The Court declines to infer that such a connection exists in the absence of any facts alleging that the Chief actually knew about any discriminatory conduct. Therefore, the individual LAD claims against Chief Schmidig in Counts I and II must be dismissed.

B. Claims Against Bergen County Police Department

Defendant contends, and Plaintiff concedes that the claims against the Police Department

-5-

must be dismissed because it is an arm of Defendant Bergen County and as such is not a proper

party in a Section 1983 suit.  The Court agrees.  See, e.g., PBA Local No. 38 v. Woodbridge

Police Dep't, 832 F. Supp. 808, 826 (D.N.J. 1993).

### C. Claims for Punitive Damages

Defendant contends, and Plaintiff concedes, that the claims for punitive damages against

Bergen County in Counts III and IV must be dismissed because Section 1983 does not permit

such recovery as a matter of law.  The Court agrees.  City of Newport v. Fact Concerts, Inc., 453

U.S. 247, 271 (1981); Coleman v. Kaye, 87 F.3d 1491, 1506 (3d Cir. 1996).        Defendant

further contends that punitive damages are also unavailable against a county entity under the

New Jersey Civil Rights Act (the "NJCRA").  Having reviewed the relevant case law, the Court

agrees.  See, e.g., Damiani v. West Deptford Twp., No. 07-2884 (JEI), 2008 WL 656041, at *5

(D.N.J. Mar. 7, 2008) (dismissing claim for punitive damages brought against municipality under

NJCRA as not authorized by statute).

## IV.  **CONCLUSION**

For the reasons stated, Defendants' partial motion to dismiss pursuant to Rule 12(b)(6) is

granted in part and denied in part.

   S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        March  29  , 2011
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Joseph A. Dickson, U.S.M.J.
             File